# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 00-4784

JAMES ANTONIO ROGERS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-87)

Submitted: March 30, 2001

Decided: April 26, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James Antonio Rogers challenges his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g) & 924(a)(2) (West Supp. 2000). Rogers argues that the district court erred in denying his motion to suppress the statement he made to a police officer that he had a gun in his back pocket. Finding no error, we affirm.

This court reviews the district court's findings of fact on a denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, the court construes the evidence in the light most favorable to the Government, the party who prevailed below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Under the Fourth Amendment, a person has been seized when "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The *Mendenhall* standard is an objective one. *United States v. Analla*, 975 F.2d 119, 124 (4th Cir. 1992). The Defendant primarily argues that the approach of several officers constituted a seizure without probable cause. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen." *Florida v. Royer*, 460 U.S. 491, 497 (1983).

Reviewing the circumstances surrounding the Defendant's statement, we find that, viewing the evidence in the light most favorable to the Government, a reasonable person would have felt free to leave the area. The Defendant observed that the man he was meeting with in the street walked away from the scene and the officers did not pursue or stop him. The officers did not repeatedly question him regarding drugs or a firearm. The Defendant chose to stop and respond to the officer's questions. There was testimony by all the officers that Officer Minor was the only officer out of a car when the Defendant

volunteered the information. Also, the Defendant testified that he did not observe that any weapons were drawn or on conspicuous display. We find that these factors indicate that the officers were not impeding the Defendant's progress toward the house. Therefore, the Defendant was not seized for purposes of the Fourth Amendment, and the statement was voluntarily made. Because we find that the Defendant was not seized, we do not address whether the officers had a reasonable suspicion allowing them to detain the Defendant.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*